**Robert J. SHERMAN, M.D., Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF MEDICINE, Respondent.**

No. 87–1118.

District of Columbia Court of Appeals.

Argued April 13, 1989.
Decided May 9, 1989.

John W. Karr, with whom William G. McLain, Washington, D.C., was on the brief, for petitioner.

Edward E. Schwab, Asst. Corp. Counsel, with whom Frederick D. Cooke, Jr., Corp. Counsel, Charles L. Reischel, Deputy Corp. Counsel, and Lutz Alexander Prager, Asst. Deputy Corp. Counsel, Washington, D.C., were on the brief, for respondent.

Before NEWMAN, FERREN, and SCHWELB, Associate Judges.

NEWMAN, Associate Judge:

This is the fourth time this case has been here on Sherman's petition to review the revocation of his license to practice medicine in the District of Columbia. On the previous three occasions, we remanded to the Board of Medicine (or its predecessor agency) because of procedural flaws. Sherman contends the Board again erred in its latest decision on remand. We disagree and affirm.

The facts, insofar as they are relevant on this appeal, are set forth in our first opinion in this case, *Sherman v. Commission on Licensure to Practice the Healing Art,* 407 A.2d 595 (D.C.1979). Suffice it to say, for present purposes, that the Board found that Sherman had jeopardized the health and well-being of his patients by: (1) utilizing unsterile techniques and instruments in performing abortions; (2) intentionally failing to complete abortions to compel patients to return for additional procedures and pay additional fees; (3) performing an incomplete abortion under unsterile conditions, causing the death of a 16–year–old patient, and (4) permitting an unqualified employee to perform cryosurgery. These findings were first made by the predecessor Commission on Licensure in its order of September 2, 1977. They have been reaffirmed by the Commission or Board on each remand. Sherman does not challenge these findings in the case now before this court. Rather, Sherman advances three arguments. First, he contends the proceedings should be dismissed because of undue delay. Second, he urges that the Board erred by not holding a new hearing on sanctions to consider evidence of rehabilitation before entering its latest revocation order which is the subject of the present petition for review. Third, he asserts that the Board, in its present order, impermissibly increased the sanction it imposed by providing that he could not apply for reinstatement for five years after the date of the most recent order, and only once a year thereafter. We find no merit in any of these contentions.

■ The original charges were instituted on June 7, 1976. Hearings were held during August 1976 through April 1977. The Commission entered its decision on September 2, 1977. As previously noted, on each of the three remands the agency has reaffirmed its findings of fact. As we previously stated, Sherman does not challenge these findings now. We find no prejudice from the delay which would warrant dismissal as a sanction. *See In re Williams,* 513 A.2d 793 (D.C.1986).

■ On the second remand, *see Sherman v. District of Columbia Commission on License to Practice the Healing Art,* 476 A.2d 667 (D.C.1984), Sherman urged the Commission to hold a new sanction hearing. The Commission declined to do so, and by its order dated June 30, 1986, revoked Sherman's license. The Commission explained its refusal as follows:

*Hearing on the Sanction.* Dr. Sherman seeks a further hearing on the issue of the propriety of the revocation of his license as a sanction for his professional misconduct. He argues that the consideration of this case by the members of the hearing panel which issued the third decision may have been tainted by the decisions of every previous Commission member who considered this case because all have found that his misconduct

warrants revocation. He also asserts that events since the hearing should be considered in determining whether he is "now rehabilitated."

The members of this hearing panel did not merely rubber-stamp the Commission's earlier sanction decisions in 1977 and 1983 as Dr. Sherman fears may have occurred. Each member of the panel carefully reviewed the record and determined that revocation is the appropriate sanction. Dr. Sherman was not a youngster. He had been in practice for a lengthy period and had been licensed in the District of Columbia for more than 15 years when charges were brought against him. His misconduct was as serious as can be committed by a doctor, because it endangered his patients' lives.

Dr. Sherman placed his patients' lives at risk by using unsterile instruments in surgical procedures and by intentionally doing incomplete abortions (using septic instruments) to increase his fees by making later surgical procedures necessary. His practices made very serious infections (and perhaps death) virtually certain to occur. Dr. Sherman does not challenge our findings that his misconduct was willful nor that he risked serious infections in his patients for money.

Under these circumstances and for the reasons set out in our decision, we are unwilling to find that any sanction other than revocation of his license is appropriate.

On the third remand, the Board again refused Sherman's request for a new sanction hearing. Sherman argues before us that the Board erred by refusing to do so, both because he was thereby deprived of an opportunity to present evidence of rehabilitation and because the Board ignored the fact that he had already been barred from practicing medicine in the District of Columbia since the Commission's original order of September 2, 1977. In rejecting Sherman's request for a further hearing, the Board specifically adopted, among other sections of the Commission's decision dated June 30, 1986, that section we have already quoted entitled *Hearing on Sanction.* We are satisfied that the Board thereby showed its awareness that Sherman has been barred from the practice of medicine in the District of Columbia since 1977, and its awareness that Sherman contends he has been rehabilitated. The Board's decision makes clear its view that a revocation of Sherman's license for at least five more years from the date of the order presently being reviewed by this court is the appropriate sanction, and that this sanction would be appropriate in light of the gravity of the misconduct irrespective of how completely he may have been rehabilitated. We find no error. *See generally In re Kerr,* 424 A.2d 94 (D.C.1980) (en banc).

■ Finally, Sherman asserts that the Board on the third remand impermissibly increased his sanctions. The sanction imposed originally and on the first and second remand was revocation of Sherman's medical license. On the third remand, the Board added a provision barring him from seeking reinstatement or licensing in the District of Columbia for five years from the date of its order, September 11, 1987. It further barred Sherman from seeking licensing more than once a year, thereafter. Sherman urges that these additional items constitute an increase in sanctions which violate the teachings of *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969). Even assuming that *North Carolina v. Pearce* has application to professional discipline cases, an issue we do not decide, Sherman's contention would fail. There simply is no evidence of Board "vindictiveness" against Sherman for having sought review before this court, nor do we perceive in this record any realistic basis for a presumption of vindictiveness. Indeed, we note that in another medical license revocation case, decided approximately three weeks after its latest decision in this case, *see Mannan v. District of Columbia Board of Medicine,* 558 A.2d 329 (D.C.1989), the Board imposed similar restrictions in its original revocation order.

*Affirmed.*